**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHEAL R. BUNTON** | § | |
| | § | |
| **v.** | § | **A-10-CA-542-LY** |
| | § | |
| **TIMOTHY F. GEITHNER,** | § | |
| **SEC'Y OF TREASURY** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion for Summary Judgment (Clerk's Doc. No. 30); Response in Opposition to Motion (Clerk's Doc. No. 32); and Reply to Response to Motion (Clerk's Doc. No. 33).  On January 18, 2012, the District Court referred these motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Clerk's Doc. No. 57).

## I.  Introduction

The Plaintiff, Micheal Bunton, works for the Internal Revenue Service.  He is suing the Defendant, Timothy Geithner, in his official capacity as the Secretary of the Treasury, under Title VII for discrimination in the workplace.  He alleges that the Defendant charged him with 30 minutes of absence without leave (AWOL) time and suspended him for three days because of his race, African-American, and his gender, male.

The Defendant has filed a motion for summary judgment on substantive and procedural grounds.  The Defendant claims that Bunton filed suit after the statute of limitations expired and that he failed to exhaust his administrative remedies.  Even if Bunton's suit is not procedurally barred,

the Defendant claims that the Court should grant summary judgment on the substance of the claims, contending that Bunton cannot establish a prima facie case of discrimination, and even if he can, he cannot rebut the Defendant's legitimate, non-discriminatory reasons for the actions complained of.

## II.  Procedural Bar

Before examining the substantive merits of the Defendant's motion, the Court will address the Defendant's argument that Bunton's claims are barred by the statute of limitations, as that argument would render moot the remaining contentions.  Under 42 U.S.C. § 2000e-16(c), a federal employee bringing a civil discrimination suit must file the action within 90 days of receipt of notice of the agency's final action on a claim of discrimination.  42 U.S.C. § 2000e-16(c).  The undisputed summary judgment evidence demonstrates that the IRS mailed its final decision denying Bunton's claims on April 15, 2010.  *See* Exh.A to Plaintiff's Complaint (Clerk's Doc. No. 1) at 23.  The decision was sent certified mail, with a return receipt requested.  *Id.*  Bunton received the decision on April 21, 2010, and his attorney, Chrystina Sumpter, received it on April 22, 2010.  Brice Decl. at ¶ 3, Clerk's Doc. No. 30-9.  This suit was filed on July 21, 2010, 91 days after Bunton received notice of the decision, but only 90 days after his attorney received it.

Bunton does not dispute these facts—when Bunton or his counsel received the letter or when he filed his suit—but rather responds with a non sequitur reproduced here in its entirety:

> Chrystina Sumpter was and is Plaintiff's attorney of record.  FRCP 5(b)(1) requires service on the attorney if a party is represented by counsel unless the court orders service on the party.  As the court said in *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1094 (5th Cir. 1989), the idea that notice to an attorney is sufficient is so ingrained that if Congress has intended anything differently, it would have said so.  Defendant's argument is absurd.

Plaintiff's Response at 9-10.  This argument is flawed.  Indeed, in a Title VII case raising a very similar issue, then District Judge Prado explained why the argument fails:

> The law cited by Plaintiff for the proposition that the time is counted from the receipt of the EEOC letter by a plaintiff's attorney is not directly on point. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990); *Irwin v. Veterans Admin.*, 874 F.2d 1092 (5th Cir.1989), aff'd, 498 U.S. 89 (1990). In that case, the plaintiff attempted to argue that, even though her lawsuit was untimely filed, judged from the date her attorney received the right to sue letter, it was timely as judged from the date the plaintiff actually received the letter, which was later. The Fifth Circuit held that notice to the attorney was sufficient to impute notice to the plaintiff, and this holding was affirmed by the United States Supreme Court. *Irwin*, 874 F.2d at 1094; *Irwin*, 498 U.S. at 92. However, that case does not stand for the proposition that a plaintiff can receive actual notice by the EEOC and fail to act until such time as she decides to provide that notice to her attorney. Rather, the Court believes the case stands for the proposition that the time runs from the date the attorney *or* the plaintiff receives the letter, *whichever occurs first*.

*Lerond v. Roy F. Weston, Inc.*, 1999 WL 33290633, at *1 (W.D. Tex. Oct. 20, 1999) (emphasis in original). The text of the statute states that "Within 90 days of receipt of notice of final action . . . an employee or applicant for employment . . . may file a civil action." 42 U.S.C. § 2000e-16(c). Thus, the time runs from when the *employee* receives the notice; the attorney's receipt is relevant only to impute notice to the employee. When the employee actually receives a copy of the final action, the date the attorney received it becomes irrelevant.

### III. Recommendation

Because the undisputed facts demonstrate that Bunton filed his lawsuit 91 days after he received notice of the agency's final action, the statute of limitations has expired, and therefore his claim is barred. Accordingly, the undersigned RECOMMENDS that the District Court GRANT the Defendant's Motion for Summary Judgment (Clerk's Doc. No. 30) on this ground, and not reach the other arguments raised in the motion.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

3

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of March, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE